<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LESNIN PIEDRA PADILLA,

       Plaintiff,

   v.

EDMOND C. CICCHIE,

       Defendant.

Civil Action No. 14-3066 (FLW)

**OPINION**

**APPEARANCES**:

> LESNIN PIEDRA PADILLA, #140500
> Middlesex County Adult Correction Center
> P.O. Box 266
> New Brunswick, New Jersey   08903
> Plaintiff *Pro Se*

<u>**WOLFSON, District Judge**</u>:

Lesnin Piedra Padilla, who asserts that he is a civilly committed detainee, seeks to file a Complaint without prepayment of the filing fee.  (ECF No. 1 at 2.)  This Court will grant Plaintiff's application to proceed *in forma pauperis* and, as required by 28 U.S.C. § 1915(e)(2)(B), dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I.   BACKGROUND

In the Complaint, Plaintiff sues Edmond Cicchie, the Warden of Middlesex County Adult Correction Center, for violation of his constitutional rights under 42 U.S.C. § 1983.   He asserts the following facts, which this Court is required to regard as true for the purposes of this review:

> On date 6-25-2013 on or about time 2:45 PM[,] I was beat[en] up by another inmate at upper D unit[.]   I was bleeding from nose because of punching and the[n] I was hit in the lower back on the lower left side with sneaker three time[s] and now my lower back hurt[s] me so much[.]   [W]hen I bend down it hurt[s], when I walk it

hurt[s and it] is very painful.   A[n]d because of the punching to my nose it g[o]t broken and today my nose is ben[t] as a curve.   I g[o]t physically damage[d] for life.

(Complaint, Statement of Claims, ECF No. 1 at 5-6.)   For violation of his constitutional rights, Plaintiff seeks damages.   (ECF No. 1 at 6.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis* and to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because this Court is granting Plaintiff permission to proceed *in forma pauperis*.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se*

_____

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F.App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

2

pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.    Federal Jurisdiction

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2]   To recover under § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. 14.  "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf - through incarceration, institutionalization, or other similar restraint of personal liberty - which is the 'deprivation of liberty' triggering the protections of the Due Process Clause." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989).  "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - e.g., food, clothing,

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the . . . Due Process Clause." *Id*.   The problem with the Complaint in this case is that Plaintiff does not assert facts connecting Warden Cicchie to the wrongdoing plaintiff suffered at the hands of a fellow inmate.   Assuming that Plaintiff has a constitutionally protected right to reasonable safety, this Court finds that the Complaint, as written, does not state a claim for violation of that right because Plaintiff provides no facts showing that the Warden was personally involved in causing Plaintiff's beating and injuries.   *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").   Aside from naming the Warden as Defendant, Plaintiff's allegations do not set forth any facts showing that the Warden was aware of the danger to Plaintiff's safety, failed to reasonably respond to this knowledge, or was involved in causing Plaintiff's attack by another inmate.   Accordingly, the Complaint, as written, fails to plead a due process claim against the Warden, who is the sole Defendant.

A District Court generally grants leave to correct the deficiencies in a complaint by amendment.   *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   In this case, it is conceivable that Plaintiff may be able to allege additional facts indicating that the Warden or another official at the facility was aware of the danger that Plaintiff would be attacked by this other inmate, and failed to

4

reasonably respond to this knowledge.   The dismissal of the Complaint is without prejudice to the filing of an amended complaint that is complete on its face, and asserts facts showing how each named defendant was personally involved in failing to protect Plaintiff from a known danger, contrary to § 1983.[3]

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court grants the application to proceed *in forma pauperis* and dismisses the Complaint.

    s/Freda L. Wolfson

**FREDA L. WOLFSON, U.S.D.J.**

DATED:     May 19, 2014

---

[3] This Court notes that the Supreme Court held in *Davidson v. Cannon,* 474 U.S. 344 (1986), that jail officials' negligent failure to protect an inmate from assault by another inmate does not rise to the level of a constitutional violation.   In that case*,* on Friday, December 19, 1980, inmate McMillian threatened to injure plaintiff Davidson, while both were incarcerated at the same facility.   The same day, Davidson sent a note reporting the threat to Assistant Superintendent Cannon, who read the note and sent it on to Corrections Sergeant James.   Sergeant James did not inform other officers of the threat, however, as he had forgotten about it by the time he left the prison and he was not scheduled to work over the weekend.   On Sunday December 21, 1980, McMillian attacked Davidson with a fork, breaking his nose and inflicting other wounds.   The Supreme Court held that the officials'

> lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.   Far from abusing governmental power, or employing it as an instrument of oppression, respondent Cannon mistakenly believed that the situation was not particularly serious, and respondent James simply forgot about the note.   The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials.

*Davidson,* 474 U.S. at 347-48 (citation omitted); *see also County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Burton v. Kindle,* 401 F.App'x 635 (3d Cir. 2010) (affirming dismissal of pretrial detainee's failure to protect claim under § 1983 alleging that a correctional officer opened Burton's cell door for a fellow inmate to enter and attack him because negligence is not unconstitutional).