UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESNIN PIEDRA PADILLA, | Civil Action No. 14-3066 (FLW) |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| EDMOND C. CICCHI, | |
| Defendant. | |

This matter having been opened to the Court by Plaintiff's filing of an action under 42 U.S.C. § 1983. It appearing that:

1. Plaintiff, proceeding *pro se*, filed his initial Complaint on May 7, 2014 against the Edmond C. Cicchi, the Warden Middlesex County Adult Correctional Center ("M.C.C.C."), alleging that he had been beaten by another inmate on June 25, 2013, and had sustained injuries to his back and nose. (ECF No. 1, Complaint at 5-6.)  Plaintiff also sought to proceed *in forma pauperis* ("IFP"). (*Id.* at 1-1.)

2. On May 19, 2014, the Court granted Plaintiff's IFP application and, pursuant to its screening authority, dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 2.) The Court explained that "assuming that Plaintiff has a constitutionally protected right to reasonable safety . . . the Complaint as written, does not state a claim for violation of that right because Plaintiff provides no facts showing that the Warden was personally involved in causing the Plaintiff's beating and injuries. (*Id.* at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The Court

1

further explained that "[a]side from naming the Warden as a Defendant, Plaintiff's allegations do not set forth any facts showing that the Warden was aware of the danger to Plaintiff's safety, failed to reasonably respond to this knowledge, or was involved in causing Plaintiff's attack by another inmate." (*Id.*). The Court granted Plaintiff leave to file an Amended Complaint. (*Id*. at 5; *see also* ECF No. 3, Order dismissing Complaint without prejudice).

  3. Plaintiff subsequently filed an Amended Complaint. (ECF No. 4.) Plaintiff's Amended Complaint attaches a portion of the Middlesex County Department of Corrections Inmate Guidelines, which outlines the procedures for placing an inmate on Management Control Housing Status. (ECF No. 4, Complaint at 8-11.) On page 6 of the Amended Complaint (ECF No. 4), Plaintiff also provides the following additional statement:

> As it explain in inmate guidelines on page #14-IV Management Control status. On paragraph A-B note: Management control housing status will be utilized for those inmates based on their CHARGES and amount of bail. My bail was or is [$]250[,]000 so I was placed at Upper D unit were I was assaulted by fellow inmate. So the Warden was aware that Sgt. Latham was going to placed me in General Population. [B]ut Sgt. Latham was aware of my original CHARGES and also was aware that someone in Upper D unit will beat me up.
>  So the Warden stay as sole Defendant he is the manager the boss and all officer and other staff has to obey his rules and regulation of the boss. So the Warden is involved in the beting [sic]. And I was not placed on protective custody so that Warden failed to give me reasonable safety.

It appears from Plaintiff's statement of facts that, at the time he was assaulted at M.C.C.C., Plaintiff was being held on $250,000 bail. Although the bail amount suggests that Plaintiff was detained on serious charges, he does not describe the nature of the charges. It also appears that he was housed in Upper D unit at the time he was assaulted, but it is not entirely clear whether he was on Management Control Status, *i.e.*, in protective custody, or was housed in the general population.

4. The general duty to protect inmates from assaults by other inmates is well-established.[1] *See Farmer v. Brennan*, 511 U.S. 825 (1994) (transsexual prisoner alleged that prison officials were deliberately indifferent to his safety by placing him in the general prison population). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Instead, liability for failure to protect requires that the "official knows of and disregards an excessive risk to inmate health or safety". *Id.* at 837. Applying the standard announced in *Farmer*, the first question is whether the Amended Complaint has alleged facts suggesting that Plaintiff in particular, or inmates in general, faced a serious risk of harm while housed at M.C.C.C. The second question is whether the Amended Complaint has alleged facts from which it could be inferred that Warden Cicchi was aware of and disregarded that risk.

5. Here, even assuming that Plaintiff is attempting to allege that Warden Cicchi failed to place him in protective custody per M.C.C.C. policies, this failure, standing alone, does not amount to a constitutional violation and, thus, would not state a claim for relief under 42 U.S.C. § 1983. Plaintiff has provided no facts to suggest that Warden Cicchi knew that Plaintiff faced a

---

[1] As a pretrial detainee, rather than a convicted prisoner, Plaintiff retains liberty interests grounded in the Due Process Clause of the Fourteenth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 341 n. 9 (3d Cir.), *cert. denied*, 531 U.S. 821 (2000). Practically speaking, however, courts have analyzed claims of failure to protect by pretrial detainees under the "deliberate indifference" standard set forth in Eighth Amendment jurisprudence, as the due process rights of a pretrial detainee are at least as great as the Eighth Amendment rights of a convicted prisoner. *Mohamed v. Aviles*, 2007 WL 923506, at *6 (D.N.J. March 26, 2007) (citing *Turner v. Cupp*, 238 F.3d 424, 2000 WL 1141423, at *2 (6th Cir. Aug.4, 2000)). In similar cases, the Third Circuit has indicated that deliberate indifference is the appropriate standard in the context of a Fourteenth Amendment failure-to-protect claim. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004); *Hubbard v. Taylor*, 399 F.3d 150, 166 n. 22 (3d Cir.2005) (applying Eighth Amendment doctrine to pretrial detainees raising claims of failure to protect and inadequate medical care); *see also Strobert v. Ocean Cty. Jail*, No. CIV.A. 07-3172 GEB, 2011 WL 63601, at *4 (D.N.J. Jan. 7, 2011) (explaining same).

specific or general threat of assault in Upper D unit and that he failed "take reasonable measures to protect [Plaintiff] from violence at the hands of other prisoners." *See Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997).  Rather, Plaintiff's Amended Complaint attempts to hold Warden Cicchi responsible for the alleged assault solely on account of his position as a supervisor, *i.e.*, "the boss"; however, *respondeat superior* is not a basis for section 1983 liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*").  The Amended Complaint, as drafted does not state a claim for relief against Warden Cicchi.

      6.      The Court notes that Plaintiff's Amended Complaint also states that Sgt. Latham "was aware of my original CHARGES and also was aware that someone in Upper D unit will beat [Plaintiff] up."  The Amended Complaint, however, has not alleged facts suggesting that Sgt. Latham knew Plaintiff faced a serious risk of harm while housed at M.C.C.C. and was deliberately indifferent to that risk.  Without some factual support, the Court need not credit Plaintiff's conclusory allegation that Sgt. Latham "was aware" that Plaintiff would be assaulted by "someone" in Upper D unit.  As such, Plaintiff's Amended Complaint, as drafted, would also fail to state a claim for relief against Sgt. Latham.

      7.      The Court therefore, dismisses Plaintiff's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because it is possible that Plaintiff could amend his Complaint to provide facts that would state a claim for relief against Warden Cicchi or Sgt. Latham, the Court will administratively terminate the action and provide Plaintiff with 30 days in which to submit a Second Amended Complaint that cures the deficiencies described herein.  An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: May 17, 2016